IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| OHREN SIMBURGER and CONNIE SIMBURGER, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | CAUSE NO. 03-CV-811-WDS |
| HANOVER INSURANCE, ) ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

This matter is before the Court on plaintiff's motion to reconsider and vacate judgment (Doc. 27). The Court entered summary judgment on January 14, 2005, in favor of defendant finding that the policy provided that the appraisal process would be binding on the parties. Plaintiffs filed their motion to reconsider and to vacate judgment on February 14, 2005.

Initially, the Court notes that a motion for reconsideration "allows a party to direct the district court's attention to newly discovered material evidence or a manifest error of law or fact." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996). The motion for reconsideration is not an opportunity for a party to correct its own procedural failures or introduce evidence that should have been brought to the attention of the court prior to judgment. See, *Johnny Blastoff, Inc. v. Los Angeles Rams Football Co.*, 188 F.3d 427, 439 (7th Cir. 1999); see, also *Calumet Lumber, Inc. v. Mid-America Indus., Inc.*, 1996 WL 308243, at *1 (N.D. Ill. June 5, 1996).

Relief from judgment is available in a limited fashion under the Federal Rules. There are two ways in which a party may seek reconsideration of the merits of an order of the Court, specifically under Rule 59(e) or Rule 60(b). *United States v. Deutsch*, 981 F.2d 299, 300 (7th Cir.1992). Under Rule 59(e), a litigant may move the Court to alter or amend a judgment, based on newly discovered evidence, an intervening change in the controlling law or manifest error of law or fact. *See Russell v. Delco Remy Div. of Gen. Motors Corp.*, 51 F.3d 746, 749 (7th Cir.1995); Fed. R. Civ. P. 59(e). However, relief under Rule 59(e) must be invoked within ten

days of the entry of the judgment. *Id.*   Motions "to alter or amend a judgment served more than ten days after the entry of judgment are to be evaluated under Rule 60(b)." *Deutsch*, 981 F.2d at 301.  Here, the motion for reconsideration and to vacate judgment was filed a month after entry of judgment, and the provisions of Rule 59, therefore, do not apply.

Rule 60(b) is similar to Rule 59(e) in that it enables a party to seek relief from a court's order, however, a court may grant relief only under the particular circumstances enumerated in the Rule, including: 1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied, released, or discharged judgment; or (6) any other reason justifying relief from the operation of the judgment. "Rule 60(b) is ... an extraordinary remedy," which does not allow for "general pleas of relief." *Deutsch*, 981 F.2d at 301 (internal citation omitted).  Nor is Rule 60(b) the "proper avenue to redress mistakes of law committed by the trial judge." *Parke-Chapley Constr. Co. v. Cherrington*, 865 F.2d 907, 915 (7th Cir.1989).

In their motion, plaintiffs assert no grounds which would entitle them to the extraordinary remedy of relief under Rule 60(b).  Plaintiffs assert, without reference to any authority, that the appraisal award is not binding or final.  Without more, this Court simply cannot grant plaintiffs the relief they seek and their motion for reconsideration or to vacate judgment is **DENIED** on all grounds.

   IT  IS SO ORDERED.
   DATED: June 2, 2005


                              s/ WILLIAM D. STIEHL
                                 DISTRICT JUDGE

2